UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                      Crim No. 08-20372-1
                                                         Hon. Robert H. Cleland

v.

D-1 LORENZO CORRAL-BUSTAMANTE,

       Defendant.
_____/.

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, Barbara L. McQuade, United States Attorney for the Eastern District of Michigan, and Janice V. Terbush, Assistant U.S. Attorney, together with Defendant Lorenzo Corral-Bustamante ("Defendant"), by and through his attorney, Doraid B. Elder, hereby submit this Stipulated Preliminary Order of Forfeiture;

WHEREAS, an Indictment was filed in the United States District Court for the Eastern District of Michigan, which charged Defendant with violating 21 U.S.C. § 841(a)(1);

WHEREAS, the Indictment also contained forfeiture allegations seeking forfeiture of any property constituting or derived from any proceeds which Defendant obtained as a result of the violation alleged in Count 1 of the Indictment, and any property which Defendant used or intended to be used in any manner or part to commit or to facilitate such violation, including the following property:

    (1)    One Westernfield 12 gauge short-barreled shotgun, serial #G434164;

1

(2) One Thompson Center Arms Renegade .54 caliber Muzzle Loader Rifle, serial #158607;

(3) One Davis Industries Model P380 .380 Semi-Auto handgun with obliterated serial number;

(4) One Hi-Point Firearms Model JCP .40 caliber Semi-Auto handgun, serial #716451;

(5) One Unceta Y Compania S.A. Astra model #600/43 handgun, serial #31755;

(6) One 12 gauge Shon Dong, Model YL121J4 shotgun, serial #0205278; and

(7) One Ruger Model P-85 9mm handgun, serial #302-30378.

(hereinafter, the "Subject Properties").

WHEREAS, Defendant pleaded guilty to violating 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute a Controlled Substance) as charged in Count 1 of the Indictment;

WHEREAS, Defendant agrees that his interest in the Subject Properties shall be forfeited to the United States pursuant to 21 U.S.C. § 853 as such property constitutes or is derived from proceeds of a violation of 21 U.S.C. § 841(a)(1), and/or is property which was used or was intended to be used to commit or to facilitate such violation;

WHEREAS, in entering into this agreement with respect to forfeiture, Defendant expressly waives his right to have a jury determine the forfeitability of his interest in the Subject Properties as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure;

WHEREAS, Defendant agrees to waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the

judgment; and

WHEREAS, Defendant knowingly, voluntarily and intelligently waives any challenge to the above described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

NOW THEREFORE, the government is hereby authorized to dispose of the Subject Properties according to law, as follows:

1. Any and all right, title and interest of Defendant in the Subject Properties IS HEREBY FORFEITED to the United States for disposition in accordance with the law, and any right, title or interest of Defendant, and any right, title or interest that his successors or assigns have or may have in the said Subject Properties IS HEREBY AND FOREVER EXTINGUISHED.

2. The United States shall publish notice of this preliminary forfeiture order and of its intent to dispose of the above-named Subject Properties in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person other than the Defendant asserting a legal interest in the Subject Properties may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the properties. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's

alleged right, title or interest in the Subject Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Properties, any additional facts supporting the petitioner's claim, and the relief sought.

3. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Properties.

4. Following the Court's disposition of all petitions filed, if any, upon proof of publication and notice to any persons known to have alleged an interest in the Subject Properties and upon entry of a Final Order of Forfeiture, the United States shall have clear title to the Subject Properties.

5. Pursuant to Fed.R.Crim.P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of his sentencing and shall be made part of the sentence and included in the Judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

6. The United States shall have clear title to the Subject Properties following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 28 U.S.C. § 2461(c), for the filing of third party petitions.

7. The Court shall retain jurisdiction to enforce the Stipulated Preliminary Order,

and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Approved as to substance and form:

BARBARA L. McQUADE
United States Attorney

Dated: April 13, 2010

s/ Janice V. Terbush
Janice V. Terbush
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9589
Email: David.Gardey@usdoj.gov
(P-30869)

Dated: April 14, 2010

s/ with consent of Doraid B. Elder
Doraid B. Elder, Esq.
Attorney for Defendant Lorenzo Corral-Bustamante

* * * * * * * * *

IT IS SO ORDERED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

DATED:  April 16, 2010

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on April 16, 2010.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager